UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23143-BLOOM/Elfenbein

MAURICE D. CUNNINGHAM,

    Plaintiff,

v.

CARNIVAL CRUISE LINE,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Carnival") Motion for Summary Judgment ("Motion"), ECF No. [79]. Plaintiff Maurice D. Cunningham ("Cunningham") filed a Response in Opposition, ("Response"), ECF No. [81], to which Defendant filed a Reply, ECF No. [83]. The Court has carefully reviewed the Motion, the supporting and opposing submission,[1] the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

**I. BACKGROUND**

Based on the parties' briefings and the evidence in the record, the following facts are not genuinely in dispute unless otherwise noted.

Cunningham was a passenger aboard Carnival's cruise ship, *Venezia*, on June 18, 2023. ECF No. [80] at ¶ 1; ECF No. [82] at ¶ 1. Cunningham alleges that while eating in the Canal Grande restaurant aboard the *Venezia*, he swallowed glass that he found inside his chicken

---

[1] Carnival filed a Statement of Material Facts with its Motion for Summary Judgment. ECF No. [80]. Cunningham filed a Motion in Opposition to Summary Judgment. ECF No. [82]. Carnival then filed a Reply Statement of Material Facts. ECF No. [84].

quesadilla. ECF No. [80] at ¶ 2; ECF No. [82] at ¶ 2. Plaintiff asserts a claim of negligence. ECF No. [80] at ¶ 3; ECF No. [82] at ¶ 3.

Carnival contends that there is no record evidence that Carnival or any of its crew members knew of any glass in Cunningham's food before the incident occurred. ECF No. [80] at ¶ 4. Cunningham admits to this and adds that "he does not have **any** evidence that crew members knew of glass in Cunningham's food before the incident . . . occurred." ECF No. [82] at ¶ 4 (emphasis in original). Further, there is no record evidence that anyone else has ever had glass or any other foreign object in their food at the Canal Grande, or in any restaurant on a Carnival vessel before Cunningham's incident. ECF No. [80] at ¶ 5; ECF No. [82] at ¶ 5. Cunningham claims he sustained the following injuries as a result of the subject incident:

> ANSWER: First, I have major stomach injuries. I have bleeding from the rectum. I cannot sit down for an extended period of time. I cannot work my job as an interstate truck driver. I had problems with my throat but that seems to have subsided, but I can't be for sure. I continue to have internal bleeding and do not know how long that will persist. I am also bleeding from my colon area. I have all the problems.

ECF No. [80] at ¶ 8; ECF No. [82] at ¶ 8.

Carnival asserts that Cunningham did not serve any interrogatories, requests for production, or requests for admission until less than thirty days prior to the discovery deadline. ECF No. [80] at ¶ 6. Moreover, Cunningham took no depositions in this matter, did not serve an expert disclosure in this case, nor did he request an extension of time to do so. *Id.* at ¶ 7. Carnival contends this was even after Carnival's counsel sent an email after the expiration of the expert disclosure deadline to inquire about the status of Cunningham's disclosure. *Id.* at ¶ 9. Finally, there is no evidence that any doctor has opined that Cunningham's injuries are caused by this accident. *Id.* at ¶ 10.

Cunningham responds that depositions were set but Carnival stated that they were not timely, even though the depositions were set within the deadline. ECF No. [82] at ¶ 6. Cunningham claims that a motion was set so that the deposition could be taken, but that the motion was not heard by or ruled on by the Court. *Id.* Cunningham admits that no depositions were taken in this matter but states that it is because Cunningham's counsel had a hard time learning who the exact individuals were to depose. *Id.* at ¶ 7. Further, Cunningham admits that he did not serve expert disclosures because the injuries and the cause were readily ascertainable. *Id.* at ¶ 9. Cunningham denies that there is no evidence that any doctor has opined that Cunningham's injuries were caused by the accident and asserts that subpoenas were sent to all of Cunningham's doctors in Texas. *Id.* at ¶ 10.

Carnival disputes Cunningham's additional facts. Carnival states that one business day before the close of discovery, Cunningham emailed a letter listing the four crew members he wanted to depose. ECF No. [84] at ¶ 6. Carnival further asserts that the Magistrate Judge struck Cunningham's motion, and disputes that Cunningham had a hard time learning who the exact individuals were to depose because Carnival disclosed their identities in its Rule 26 disclosures on November 4, 2024. *Id.* at ¶¶ 6-7.

In its Motion, Carnival argues that summary judgment should be granted because there is no evidence that Carnival had notice of a dangerous condition, nor can Cunningham meet his burden of proof on the issue of causation. ECF No. [79]. Cunningham responds that there are issues of material fact as to how Cunningham was injured. ECF No. [80]. Further, Cunningham contends that the doctrine of *res ipsa loquitur* compels an inference of negligence. *Id.* Cunningham also asserts that summary judgment is not appropriate because the cause of the incident was readily apparent to a lay person. *Id.* Carnival replies that Cunningham does not dispute that there is no

evidence that Carnival had actual or constructive notice that there would be glass in Cunningham's quesadilla. ECF No. [83]. Moreover, Carnival asserts that *res ipsa loquitur* does not obviate Cunningham's burden to prove notice and is therefore inapplicable to this case. *Id.*

## II. LEGAL STANDARD

### A. Summary Judgment

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

A court views the facts in the light most favorable to the non-moving party, and draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations[.]'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019); *see also Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-moving party's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant." (citation omitted)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary

judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990) (citation omitted).

### B. Maritime Law

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336). "Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236-37 (S.D. Fla. Nov. 20, 2006).

"A cruise-ship operator 'is not liable to passengers as an insurer, but only for its negligence.' . . . The mere fact of an accident causing injury is insufficient to establish that a dangerous condition existed." *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 F. App'x 794, 796-97 (11th Cir. 2019) (quoting *Keefe*, 867 F.2d at 1322); *see also Looney v. Metro. R.R. Co.*, 200 U.S. 480, 486 (1906) ("A defect cannot be inferred from the mere fact of an injury. There must be some substantive proof of the negligence."); *Miller v. NCL (Bahamas) Ltd.*, Case No. 1:15-cv-22254-UU, 2016 WL 4809347, at *4 (S.D. Fla. Apr. 6, 2016) ("Generally, ship owners and operators do not owe a heightened or special duty of care to their passengers." (citing

5

*Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959))), *aff'd*, 679 F. App'x 981 (11th Cir. 2017). Rather, "[u]nder maritime law, the owner of a ship in navigable waters owes passengers a 'duty of reasonable care' under the circumstances." *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015) (citing *Kermarec*, 358 U.S. 625, 632 (1959)).

The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). However, with respect to warning passengers of dangers that are known or should be known, the cruise ship operator's duty does not extend to warning of open and obvious dangers. *See Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020) ("An operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious." (citing *Guevara*, 920 F.3d at 720 n.5)). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720; *see also D'Antonio*, 785 F. App'x at 797.

"The mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition." *Miller*, 2016 WL 4809347, at *4. Moreover, a plaintiff cannot establish a breach of its duty of care unless the plaintiff shows "(1) a dangerous condition existed; (2) the vessel's operator had actual notice of the dangerous condition; or (3) if there was no actual notice, that [d]efendant had constructive notice of the dangerous condition for an interval of time sufficient to allow the vessel's operator to implement corrective measures." *Stewart v. Carnival Corp.*, 365 F. Supp. 3d 1272, 1275 (S.D. Fla. 2019) (quoting *Reinhardt v. Royal Caribbean Cruises, Ltd.*, Case No.: 1:12–cv–22105–UU, 2013 WL 11261341, at *4 (S.D.

Fla. Apr. 2, 2013)) (alterations in original).

### III. DISCUSSION

#### A. Notice of a Dangerous Condition

Carnival argues that summary judgment is warranted because there is no record evidence that Carnival had either actual or constructive notice of any dangerous condition that caused Cunningham's incident. ECF No. [79] at 6. With respect to actual notice, Carnival asserts that there is no evidence that Carnival or any crew member on the ship knew of any glass in Cunningham's food. *Id.* With respect to constructive notice, Carnival asserts that there is no evidence that any other passenger has had glass or any other foreign substance in their food at the Canal Grande, or in any restaurant on a Carnival vessel. *Id.* Cunningham responds that issues of material fact exist as to notice because the doctrine of *res ipsa loquitur* imports the assumption that Carnival breached its duty to provide edible food for their passengers by providing Cunningham food laced with glass. ECF No. [81] at 5-6. Carnival replies that *res ipsa loquitur* does not obviate Cunningham's burden to prove notice. ECF No. [83] at 3. Further, Carnival asserts that Cunningham does not dispute that there is no evidence that Carnival or any crew member on the ship knew of any glass in Cunningham's food before the alleged incident occurred. *Id.* at 2.

At the outset, the Court agrees, and Cunningham concedes, there is no record evidence that Carnival or any crew member knew of any glass in Cunningham's food before the incident occurred. *See* ECF No. [80] at ¶ 4; ECF No. [82] at ¶ 4. Further, there is no record evidence that anyone else had glass or any other foreign object in their food at the Canal Grande, or in any restaurant on a Carnival vessel before Cunningham's incident. *See* ECF No. [80] at ¶ 5; ECF No. [82] at ¶ 5.

Next, the Court finds that *res ipsa loquitur* is inapplicable in this case. *Res ipsa loquitur* is Latin for "the thing speaks for itself," and "is an evidentiary doctrine that permits a trier of fact to infer a defendant's negligence from unexplained circumstances." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1180 (11th Cir. 2020). For *res ipsa loquitur* to apply, a plaintiff must show that "(1) the injured party was without fault, (2) the instrumentality causing the injury was under the exclusive control of the defendant, and (3) the mishap is of a type that ordinarily does not occur in the absence of negligence." *Id.* (quoting *United States v. Baycon Indus., Inc.*, 804 F.2d 630, 633 (11th Cir. 1986)). However, *res ipsa loquitur* "does not eliminate a plaintiff's obligation to prove that the defendant owed a duty to the plaintiff in the first place." *Id.* at 1182 (quoting *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 901 (4th Cir. 2003)).

In *Tesoriero*, the Eleventh Circuit considered whether "a maritime passenger who fails to establish the shipowner's notice of a dangerous condition can still survive summary judgment by invoking *res ipsa loquitur*." *Id.* at 1180. The court concluded that because *res ipsa loquitur* provides only that the defendant has not exercised reasonable care, the doctrine "can allow a jury to infer from circumstantial evidence that the defendant must have breached its duty—but it cannot show that a defendant must have had that duty in the first place." *Id.* at 1182. Thus, "a passenger who relies on *res ipsa loquitur* bears the burden of showing that the cruise line had notice" because "if *res ipsa loquitur* cannot eliminate the duty requirement, it cannot eliminate the notice requirement." *Id.* at 1182, 1183 (citing *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)); *see Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) ("[T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition[.]"); *Chamberlain v.*

Case No. 24-cv-23143-BLOOM/Elfenbein

*Royal Caribbean Cruises Ltd.*, Case Number: 23-24039-CIV-MARTINEZ, 2025 WL 1433727, at *4 (S.D. Fla. Jan. 17, 2025) (concluding that a plaintiff was not entitled to an inference of negligence because she failed to show that the defendant was on notice of a danger with the cruise line's automatic doors).

Therefore, *res ipsa loquitur* does not eliminate Cunningham's burden to prove that Carnival had notice that glass could be in Cunningham's quesadilla. Because the parties agree that there is no record evidence of actual or constructive notice, summary judgment is warranted.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [79]**, is **GRANTED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 21, 2025.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc:     counsel of record